UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD LYLE STRATTON,<br><br>        Plaintiff,<br><br>    v.<br><br>MARVIN SPENCER,<br><br>        Defendant. | Case No. C08-5203 RBL/KLS<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed first amended civil rights complaint in which Plaintiff purports to Marvin Spencer, a Captain of the Pierce County Jail pursuant to 42 U.S.C. § 1983. (Dkt. # 5). However, Plaintiff has failed to allege a claim against the named defendant. Before recommending that Plaintiff's complaint be dismissed for failure to state a claim, however, the Court finds that Plaintiff should be granted leave to attempt to cure these deficiencies by filing an amended complaint.

**I. DISCUSSION**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474

ORDER
Page - 1

1  U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these
2  elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S.
3  1020 (1986).

4  Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in
5  causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a
6  State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan*
7  *Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies, such as the Pierce County Jail,
8  are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit
9  under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725
10 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

11 Plaintiff must allege facts showing how individually named defendants caused or personally
12 participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot
13 be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell*
14 *v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat*
15 *superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

16 Plaintiff names only Marvin Spencer, a Captain at the Pierce County Jail, as a defendant in this
17 action. Plaintiff alleges, however, that a nurse and doctor were involved in the treatment of the infection
18 of his right toe nail. (Dkt. # 5, p. 3). Plaintiff includes no allegations as to Defendant Spencer, who is
19 named as a defendant. This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set
20 forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's
21 complaint must include factual allegations describing how each individual caused or personally
22 participated in causing him the harm that he claims he suffered.

23 Accordingly, it is **ORDERED**:

24 1. Plaintiff shall file an amended complaint, entitled "Amended Complaint," on or before
25  **May 30, 2008**, alleging facts showing how individually named defendant or defendants
26  caused or personally participated in depriving him of a constitutional right. The Amended
27  Complaint will act as a complete substitute for all previously filed complaints in this
28  action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for

1 prisoners.

2. Plaintiff is further directed to provide the Court with service copies of the Amended Complaint and completed service forms for each named defendant so that the U.S. Marshal may attempt service by mail upon the named defendants.  These documents must be returned to the Court on or before **May 30, 2008**, or the Court will recommend dismissal of this action for failure to prosecute.

DATED this 25<u>th</u> day of April, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3