UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD LYLE STRATTON,

　　　　　　　Plaintiff,

　　v.

MARVIN SPENCER, *et al.*,

　　　　　　　Defendants.

Case No. C08-5203 RBL/KLS

ORDER DENYING MOTION TO AMEND THIRD AMENDED COMPLAINT

Before the Court is Plaintiff's motion for leave to amend the third amended complaint. (Dkt. # 23). For the reasons stated below, the Court finds that the motion to amend should be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this lawsuit on April 3, 2008. (Dkt. # 1). Plaintiff's application to proceed *in forma pauperis* was approved on April 28, 2008. (Dkt. # 6). On the same day, Plaintiff filed an amended complaint, but failed to allege a claim under 42 U.S.C. § 1983. (Dkt. # 8). The court directed Plaintiff to amend. (Dkt. # 9). Plaintiff submitted a second amended complaint (Dkt. # 11) on May 20, 2008. On June 18, 2008, Plaintiff submitted a motion to amend his proposed second amended complaint and submitted a proposed third amended complaint. (Dkt. # 16).

ORDER - 1

The Court granted Plaintiff's motion to amend, docketed the third amended complaint, and directed the U.S. Marshal to serve the third amended complaint on the named defendants. (Dkts. # 20 and 21).

In his most recent motion to amend, Plaintiff states that "he seeks leave to amend the 28 USC § 2254 previously filed in this matter, and to file instead the document provided herewith as the proposed amendment." (Dkt. # 23).

**II. DISCUSSION**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.; Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend has been denied when the moving party knew or should have known the facts upon which the amendment is based when drafting the original pleading, but did not include them in the original pleading. *Jordan v. Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982).

In addition, an amended complaint supersedes the original in its entirety, making the original as if it never existed. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Here, Plaintiff has failed to make statements incorporating his prior complaint but states merely that "he seeks leave to amend the 28 USC § 2254 previously filed in this matter, and to file instead the document provided herewith as the proposed amendment." (Dkt. # 23). This is not a § 2254 lawsuit. Further, Plaintiff has provided no proposed amended complaint that includes all of his factual and legal allegations from which the Court may adequately determine what the Plaintiff

ORDER - 2

wishes to add to his case.

      Accordingly, Plaintiff's motion to amend his complaint (Dkt. # 23) is **DENIED**.

      DATED this 6th day of August, 2008.

                                                Karen L. Strombom
                                                United States Magistrate Judge

ORDER - 3