# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DONALD LYLE STRATTON,

Plaintiff,

v.

MARVIN SPENCER, *et al*,

Defendants.

Case No. C08-5203 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
Nov. 7, 2008**

Before the Court is Defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss. Dkt. # 36. Plaintiff Donald Lyle Stratton filed a civil rights lawsuit under 42 U.S.C. § 1983 against Marvin Spencer and Dr. Balderama, claiming they violated his Eighth Amendment rights for failure to provide medical treatment. Dkt. # 21. Defendants argue that the Court must dismiss the Complaint because Mr. Stratton has failed to state a claim upon which relief can be granted.

Mr. Stratton has failed to file a response to the motion to dismiss. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit. The Court so construes Mr. Stratton's failure and after careful review of Defendants' motion, recommends that the Court dismiss Mr. Stratton's complaint without leave to amend as Mr. Stratton has been given ample opportunity to cure the deficiencies in his complaint.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

**A.   Plaintiff's Allegations**

Mr. Stratton alleges that he had an ingrown toe nail on his right foot but was denied the opportunity to see a doctor because the nurse at the Pierce County Jail never referred him to the doctor. Dkt. # 21, p. 3. He waited over three months on a response from the doctor, Defendant Balderrama, and was then sentenced and transferred to Washington Corrections Center. *Id*. Mr. Stratton alleges that he sent kites to Defendant Spencer on five to ten occasions relating to this matter but never received a response from him. *Id*.

Mr. Stratton requests damages in the amount of $2,500.00 and return of his co-pay in the amount of $18.00, and better medical treatment. *Id*., p. 4.

**B.   Procedural Background - Plaintiff's Amendments**

On April 16, 2008, Plaintiff filed a Complaint and a First Amended Complaint. Dkts. # 4 and 5. On April 28, 2008, the Court directed Plaintiff to file an amended complaint. Dkt. # 9. Plaintiff was advised that he must set forth facts describing when and where and by whom he was deprived of a constitutional right in order to state a claim under 42 U.S.C. § 1983. *Id*. Plaintiff submitted a second amended complaint on May 20, 2008. Dkt. # 11. On June 18, 2008, Plaintiff submitted a motion to amend his second amended complaint and submitted a third amended complaint. Dkt. # 16. The Court granted Plaintiff's motion to amend, docketed the third amended complaint, and directed the U.S. Marshal to serve the third amended complaint on the named defendants. Dkts. # 20 and 21.[1]

## II. STANDARD OF REVIEW

---

[1] Plaintiff filed a third motion to amend requesting "leave to amend the 28 USC § 2254 previously filed in this matter." Dkt. # 23. That motion was denied on the grounds that this is a § 1983 case and Plaintiff failed to provide the court with a proposed complaint to review. Dkt. # 29.

REPORT AND RECOMMENDATION - 2

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee*, 250 F.3d at 688. All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency,* 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

REPORT AND RECOMMENDATION - 3

**III. DISCUSSION**

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Defendants argue that Mr. Spencer's allegations are insufficient to state a constitutional claim because he has failed to allege a serious injury. Dkt. # 36, p. 3. The Court agrees. Mr. Stratton alleges only that he suffered from an ingrown toe nail on his right foot. Dkt. # 21, p. 3.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The plaintiff must prove both an objective and a subjective component. *Hudson v. McMillan,* 503 U.S. 1 (1992); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer,* 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney,* 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at

REPORT AND RECOMMENDATION - 4

1059. Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id.* at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). If one of the components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. 25.

Examples of serious medical needs include "[t]he existence of an injury that a reasonable doctor of patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059-60. Mr. Stratton alleges only that he suffered from an ingrown toe nail. Despite numerous opportunities to amend his complaint, Mr. Stratton has failed to allege a serious medical condition.

Mr. Stratton also alleges that the nurse failed to refer him to the doctor. Dkt. # 21, p. 3. However, prison authorities have "wide discretion" in the medical treatment afforded prisoners. *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971), *cert. denied*, 387 U.S. 922 (1972). To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981). Simple

REPORT AND RECOMMENDATION - 5

malpractice, or even gross negligence, does not constitute deliberate indifference. *McGuckin*, 974 F.2d at 1059. Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a § 1983 claim. *Franklin,* 662 F.2d at 1344; *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970).

Defendants also argue that Mr. Stratton's claims must fail because he has failed to allege how they have caused or personally participated in causing him any constitutionally protected harm.

Under 42 U.S.C. § 1983, claims may only be brought against people who personally participated in causing the alleged deprivation. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To obtain relief against a defendant, the plaintiff must prove the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold*, 637 F.2d at 1355; *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, which he or she is legally required to do, which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Rizzo v. Goode*, 423 U.S. 362, 370-71 and 375-77 (1976); *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts showing a causal connection between each defendant"s actions and the harm allegedly suffered by plaintiff. *Aldabe*, 616 F.2d at 1092; *Rizzo*, 423 U.S. at 371.

Mr. Stratton alleges that he sent kites to Defendant Spencer on five to ten occasions relating to this matter but never received a response from him. *Id*. Although the Court advised Mr.

REPORT AND RECOMMENDATION - 6

Stratton that he must allege facts describing when, where and by whom he was deprived of a constitutional right (*e.g.* Dkt. # 9, p. 2), Mr. Stratton has failed to state a claim against Defendant Spencer.

Mr. Stratton also alleges that he was never referred to a doctor. Dkt. # 21, p. 3. Under *Farmer*, 511 U.S. 825, "deliberate indifference" to a serious medical need exists "if [the officer] knows that [the] inmate face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." However, an inadvertent failure to provide adequate medical care does not amount to deliberate indifference. *Estelle v. Gamble*, 429 U.S. at 105-06. Thus, even construing Plaintiff's allegations as true and in the most favorable light, his claims against Dr. Balderrama fail as Mr. Stratton has not alleged that Dr. Balderrama knew of any serious medical need, or had any direct or indirect contact with him.

For these reasons, the undersigned recommends that the Defendants' motion to dismiss be granted.

Ordinarily, the Court would recommend that Mr. Stratton be given notice and an opportunity to amend his complaint prior to recommending dismissal ( *see Doe v. United States*, 58 F.3d 494 (9th Cir. 1995)), however Mr. Stratton has already been given ample opportunity to amend his complaint to cure its deficiencies and he has failed to do so. In addition, he has failed to respond to Defendants' motion to dismiss. Accordingly, the Court recommends that Mr. Stratton's claims be dismissed without leave to amend.

**IV. CONCLUSION**

The Court should grant Defendants' motion to dismiss. Dkt. # 36. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this

REPORT AND RECOMMENDATION - 7

Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 7, 2008**, as noted in the caption.

DATED this 13th day of October, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8